# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SPANGLER, individually and on behalf of all those similarly situated, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGE OF TECHNICAL INSTRUCTION, *et al.*,<br><br>Defendants. | Case No. 14-cv-3005 DMS (RBB)<br><br>**ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL** |

On September 2, 2016, Defendants filed a motion for leave to file under seal their reply brief in support of their motion for summary judgment along with other documents supporting that reply brief. (*See* Docket No. 104.)

"Courts have long recognized 'a general right to inspect and copy public records and documents, including judicial records and documents.'" *Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2014 WL 4964313, at *1 (N.D. Cal. Oct. 3, 2014) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). However, "[t]his right is not absolute. To balance the competing interests of the public's right of access against litigants' need for confidentiality, a party seeking to file under seal materials related to dispositive motions must provide 'compelling reasons' to do so." *Id.* (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d

1172, 1178 (9th Cir. 2006)).  Under this standard, "a party seeking to seal materials must 'articulate compelling reasons supported by specific factual findings,' providing the court with 'articulable facts' identifying the particular interests favoring secrecy and showing how those interests outweigh the 'strong presumption' favoring disclosure." *Id.* (quoting *Kamakana*, 447 F.3d at 1178-81). "In general, compelling reasons sufficient to justify sealing exist when the materials 'might have become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, ... or release trade secrets.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1179). "'The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1179).

Here, Defendants have not provided compelling reasons for filing the identified documents under seal. Accordingly, their motion is denied. The Clerk of Court shall file the documents according to the regular filing procedure.

**IT IS SO ORDERED.**

Dated: August 15, 2017

Hon. Dana M. Sabraw
United States District Judge